UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                           Case No. 1:10-cr-366

v.                                            HON. JANET T. NEFF

ROGER LEE CLARK #15666-040,

        Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

        Pending before the Court is Defendant Roger Lee Clark's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 47), based on ineffective assistance of counsel, and his brief in support (Dkt 52). The Government has filed a Consolidated Response to Petition for Post-Conviction Relief under 28 U.S.C. § 2255 and Motion to Authorize Defense Counsel to Respond (Dkt 48). Defendant has filed a subsequent *pro se* Motion to uphold the attorney-client privilege (Dkt 56).

        For the reasons that follow, the Court concludes that Defendant's claim of ineffective assistance in his § 2255 motion implicitly waives the attorney-client privilege with respect to the matters at issue. Therefore, Defendant may maintain his attorney-client privilege only if he chooses to withdraw his § 2255 motion.

        Defendant seeks relief under § 2255 on the ground that his defense attorney Michael Bartish rendered ineffective assistance of counsel by failing to object to the prosecutor's alleged "mischaracterization and lies" pertaining to the facts relied on for his sentencing, including the

calculation of victim losses and restitution (Dkt 52). Defendant claims Attorney Bartish ignored the evidence in this case, failed to inform him of the contents of his plea agreement, urged him to merely sign the agreement, and failed to object to the arbitrary escalation of losses by the prosecutor (*id.*).[1] He contends that, consequently, the restitution set forth by the Court at sentencing far exceeded the actual amount that should have been attributed to him (*id.* at 3).

The Government responds that Defendant waived any right to collateral attack in his plea agreement, and that his claims of error in the calculation of restitution have no basis in law or fact and should be summarily denied. In the event the Court does not reject or summarily dismiss Defendant's § 2255 motion on these grounds, the Government moves for an order of waiver of attorney-client privilege, and an extension of time to respond. While the Court agrees with the Government that Defendant's claims of error appear to be unsupported by the record, the Court declines to reject Defendant's § 2255 Motion on the basis of waiver or to summarily dismiss his claim of ineffective assistance absent a response from defense counsel. Thus, the Court would ordinarily order a limited waiver of the attorney-client privilege and an extension of time for the Government's response to Defendant's § 2255 motion. Defendant, however, has filed a subsequent Motion to uphold the attorney-client privilege (Dkt 56).

Given his claims of ineffective assistance, Defendant has the choice of withdrawing his § 2255 motion or waiving his attorney-client privilege. By claiming ineffective assistance of counsel and otherwise raising issues regarding his attorney's performance, a defendant implicitly waives the attorney-client privilege to the extent that any privileged communications bear on his

---

[1] Defendant also complains that no indictment was ever issued, or if it was, his counsel failed to inform him of the indictment or ever produce it (Dkt 52 at 2). However, this complaint is unfounded since the record contains a Waiver of Indictment signed by Defendant (Dkt 9).

attorney's performance. *See In re Lott*, 424 F.3d 446, 452-54 (6th Cir. 2005). In such circumstances, courts routinely issue orders finding a limited, implied waiver of the attorney-client privilege. *See, e.g., Drake v. United States,* No. 3:05–00209, 2010 WL 3059197, at *1-2 (M.D. Tenn. July 30, 2010); *United States v. Palivos,* No. 08 CV 5589, 2010 WL 3190714, at *7 (N.D. Ill. Aug. 12, 2010).

"The attorney-client privilege cannot be used as a sword and a shield at the same time." *United States v. Lossia,* No. 04-80422, 2008 WL 192274, at *1 (E.D. Mich. Jan. 23, 2008) (citations omitted); *see also In re Lott*, 424 F.3d at 454. "A habeas petitioner who injects issues which require testimony from his attorneys or testimony concerning the reasonableness of the conduct of his attorneys, impliedly waives the attorney-client privilege. The privilege is waived to the extent necessary to litigate the petitioner's ineffective assistance of counsel claims." *Lossia,* 2008 WL 192274, at *1 (citations omitted).

The Court finds that a limited waiver of attorney-client privilege is necessary for the Government to defend the ineffective assistance claim Defendant raises. Defendant therefore has the choice of either withdrawing his § 2255 claim or being subject to the waiver necessary to litigate his claim. *See In re Lott*, 424 F.3d at 453 (implied waiver must be no broader than needed to ensure fairness of the proceedings) (citing *Bittaker v. Woodford,* 331 F.3d 715, 720 (9th Cir. 2003)). If Defendant chooses to proceed with his § 2255 Motion, the Court will grant the Government an extension of time of 30 days for Attorney Bartish to prepare an affidavit regarding the allegations that his performance was deficient, and an additional 30 days thereafter for the Government to

3

prepare its response to Defendant's § 2255 motion.[2]

Accordingly:

**IT IS HEREBY ORDERED** that to maintain his attorney-client privilege, Defendant shall **within 14 days** file a notice withdrawing his § 2255 motion.

**IT IS FURTHER ORDERED** that if Defendant fails to timely withdraw his § 2255 motion, this Court will enter an order denying Defendant's Motion to uphold the attorney-client privilege and granting the Government's Motion to Authorize Defense Counsel to Respond and granting an extension of time of 30 days for Attorney Bartish to prepare an affidavit regarding the allegations that his performance was deficient, and an additional 30 days thereafter for the Government to prepare its response to Defendant's § 2255 motion.


DATED: January  7 , 2013              /s/ Janet T. Neff
                                      JANET T. NEFF
                                      United States District Judge

---

[2] Defendant's attempt to delay any waiver of the privilege until his appearance at an evidentiary hearing is misplaced (*see* Def. Resp., Dkt 58 at 2) since an evidentiary hearing is not mandatory. *See Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007).